IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge S. Kato Crews

Civil Action No. 1:19-cv-01200-SKC

THEARA IM and RON HUOT,

    Plaintiffs,

V.

PEARL DRAGON RESTAURANT, INC.,
LIN LONG, *an individual*, and
SOI LONG, *an individual,*

    Defendants.

---

**ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT [#36 & #43]**

---

    Plaintiffs Theara Im and Ron Huot worked for the Peal Dragon Restaurant at various times from May 2016 to March 2019. Defendants Lin Long and Soi Long own the restaurant and, among other things, work as servers waiting tables during the lunch and dinner shifts. Prior to May 1, 2018, Pearl Dragon did not keep any record of time worked by employees. Instead, employees were paid on a salary basis irrespective of the hours worked, and those employees who worked as servers received a share of a tip pool. When Lin and Soi worked as servers, they shared in the tip pool equally with the other servers.

    During the first half of 2018, the Department of Labor began an investigation into the Pearl Dragon's wage practices, including whether Defendants had properly

1

paid employees overtime wages. At the conclusion of the investigation, Defendants amended their timekeeping and payment practices, and paid Plaintiff Im $2,371.69.

In their Complaint, Plaintiffs seek monetary damages for alleged violations of the Fair Labor Standards Act ("FLSA") and the Colorado Wage Act. After a period of discovery, the parties filed cross motions for partial summary judgment. [#36, #43.][1] Having considered the motions, related briefing, submitted evidence, and the controlling law, Plaintiffs' Motion is GRANTED IN PART and DENIED IN PART. Defendants' Motion is DENIED.

## STANDARD OF REVIEW

Summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567, 569 (10th Cir. 1994). "[A] 'judge's function' at summary judgment is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" *Tolan v. Cotton*, 134 S.Ct. 1861, 1866 (2014) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986)). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury, or conversely, is so one-sided that one party must prevail as a matter of law. *Anderson*, 477 U.S. at 248-49; *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132 (10th Cir.

---

[1] The Court uses "[#__]" to refer to docket entries in CM/ECF.

2000); *Carey v. U.S. Postal Service*, 812 F.2d 621, 623 (10th Cir. 1987). A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party. *Anderson*, 477 U.S. at 248. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (citing *First Nat. Bank of Ariz. v. Cities Service Com*, 391 U.S. 253, 289 (1968)).

Moreover, when the Court is faced with cross-motions for summary judgment, the "filing of cross motions does not mean that the material facts are undisputed even if the parties focus on the same claim or defense." *In re Ribozyme Pharm., Inc. Secs. Litig.*, 209 F. Supp. 2d 1106, 1112 (D. Colo. 2002). Furthermore, the denial of one does not automatically require the grant of the other. Where, as here, the parties have filed cross-motions for summary judgment, the motions must be treated separately. *See Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1147 (10th Cir. 2002) (quoting *Buell Cabinet Co. v. Sudduth*, 608 F.2d 431, 433 (10th Cir. 1979)).

## ANALYSIS

### A. Defendants' Motion for Summary

Defendants contend they are entitled to summary judgment on Im's claims, arguing his claims were foreclosed when he accepted payment under the Department of Labor's ("DOL") supervision. Though Defendants are vague on this point, they appear to be arguing for summary judgment on their affirmative defense of wavier,

asserted in their Answer, based on 29 U.S.C. § 216(c). [*See* #35 at ¶89.] Plaintiff argues summary judgment is not warranted, and instead, this affirmative defense should be stricken. Neither party is correct.

29 U.S.C. § 216(c) limits a plaintiff's right to recovery by authorizing the Secretary of Labor to supervise the payment of unpaid minimum wages or overtime. Section 216(c) goes on to state that acceptance, by the employee, of such a "supervised" payment in full constitutes a waiver by the employee of any rights he may have had under subsection (b) to bring an action for violations. *Id.* "Dressed down, the waiver provision of § 216(c) has four essential elements that Defendant must prove: (1) an underlying claim by an employee for overtime or minimum wage compensation; (2) DOL supervision of payment; (3) an agreement by the employee to accept such payment; and (4) payment in full." *Rivers v. Zeno Off. Sols.*, No. 1:20-CV-107-MW-GRJ, 2020 WL 6434515, at *4 (N.D. Fla. Oct. 2, 2020), *report and recommendation adopted*, No. 1:20CV107-MW/GRJ, 2020 WL 6430354 (N.D. Fla. Nov. 2, 2020).

In support of their argument, Defendants attach a copy of the "Instructions for Back Wage Payment and the Use of Official Receipts" ("Instructions"). [#43-1.] This document, signed only by Soi Long, states in part: "An employee paid in full under the Department of Labor's supervision waives any further right to pursue private litigation to recover such unpaid wages and liquidated damages for the [relevant] time period." [*Id.* at p2.] Defendants also include evidence of payment to Im in the amount of $2,371.69. [*Id.* at p.6.] In response, Plaintiffs contend Im did not sign any

4

agreement to waive his rights in exchange for payment and the payment he did receive was not payment in full. [#46 at pp.5-7.]

First, the Court disagrees with Plaintiffs that a signature is an absolute requirement to waiver. *See Seelen v. Med Coach, LLC*, No. 8:19-cv-936-T-60SPF, 2019 WL 5423370, at *2 (M.D. Fla. Oct. 23, 2019) (plaintiffs "did have sufficient notice of waiver, and by cashing their checks—even though they did not sign the WH-58 form—they waived their right to sue for unpaid wages."); *Selz v. Investools, Inc.*, No. 2:09-cv-1042-TS, 2010 WL 1451347, at *5 (D. Utah Apr. 8, 2010) ("The undisputed facts are that Plaintiff received a check accompanied by the Receipt Form with its Notice to Employee and waiver language and that Plaintiff endorsed and cashed the check. Under the statute and supporting caselaw, the Court finds the act of endorsing and cashing the check cannot be anything other than a waiver as laid out in the Receipt Form."). To be sure, the Instructions are clear that if an employer mails the check for payment along with Form WH-58 (which explains the wavier provisions of the statute), the cancelled check is proof of payment, whether or not the employee returns a signed copy of the form. [#43-1 at p.3.]

Second, the Plaintiffs' contention that "payment in full" means the amount the worker is actually owed under the law, [#46 at p.6], is based on a plainly incorrect reading of the statute. The term "payment in full" in § 216(c) refers to the DOL supervised payment, not full satisfaction of the underlying claim. Notably, Plaintiffs have not cited any case law to support their position and the Court has only been able to find law to the contrary. "The statute is concerned with settlements, and a

settlement is a compromise—the employee surrenders his opportunity to get 100 cents on the dollar, in exchange for a smaller payment with certainty." *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 305 (7th Cir. 1986). If the Court were to accept Plaintiffs' argument, "no settlement could bar a suit; an employee always could sue for more on the ground that he had not yet been paid 'in full' as he conceived his maximum claim. That cannot be right." *Id.*

Here, the evidence shows Defendants sent Im a check for $2,371.69, which he cashed. [#43-1 at p.6.] Although Defendants have not included a copy of the WH-58 form, there is a letter from Soi Long to the DOL purporting to include "copies of the WH-56 and WH-58 forms along with the proof of back payments due to our former and current employees." [#43-1 at p.1.] Thus, there is at least some evidence Im was advised regarding waiver of his civil claims upon acceptance of payment. However, there is also testimony from Im that he believed the $2,371.69 to be a gift as opposed to amounts owed for back wages. [#36-3 at pp.51-52.] Thus, there are disputed issues of fact as to whether Defendants believed, or Im agreed to accept, this payment as contemplated in the statute.

The Court also concludes there are disputed issues as to what the DOL investigation, and therefore payments, were meant to cover. Plaintiffs contend the DOL investigation was related only to the payment of overtime and not minimum wage violations. [#46 at pp.7-8] To be sure, there is both testimony and documentation which could be construed to support their position. [#36-2 at p.81; #36-16 at pp.1-2.] However, the Court also notes there is testimony which could suggest

6

the investigation included issues of minimum wage payments. [*Id*. at pp.76-77.] And the DOL's summary of unpaid wages lists "back wages" due, which could presumably encompass minimum wage and overtime payments. Furthermore, it is difficult to comprehend how one could calculate an amount of overtime wages without first considering what the appropriate minimum wage was at the time. Thus, the issue of waiver is one that must be decided at trial.

**B.     Plaintiffs' Motion**

In their Motion, Plaintiffs ask this Court to find as a matter of law that (1) both Lin Long and Soi Long are "employers" for purposes of the FLSA; and (2) Defendants were not entitled to take a tip credit, and therefore, they violated the minimum wage laws by taking tip credits. In addition, Plaintiffs ask this Court to strike most of Defendants' affirmative defenses.[2]

1. <u>Defendants' Status as "Employers"</u>

Plaintiffs seek summary judgment on the issue of whether Lin and Soi Long, individually, were employers for purposes of the FLSA. The FLSA defines an "Employer" as including "any person acting directly or indirectly in the interest of an

---

[2] Plaintiffs are correct that defense counsel failed to comply with this Court's practice standards regarding summary judgment briefing. To be sure, he did not even comply with the Federal Rules of Civil Procedure when it comes to responding to a motion for summary judgment. Counsel's failure to follow the Rules and this Court's practice standards could have resulted in this Court finding Plaintiffs' facts to be undisputed and entering judgment in Plaintiffs' favor. The only reason this Court did not do so was because its review of Plaintiffs' own evidence and the cross-motion itself revealed disputed issues of material fact. Defense counsel is warned that compliance with the Rules and the Court's practice standards is *not* optional. Further failures to comply may result in sanctions or filings being summarily stricken or denied.

employer in relation to an employee." 29 U.S.C. § 203(d). The FLSA "defines the verb 'employ' expansively to mean 'suffer or permit to work.'" *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326 (1992) (quoting 29 U.S.C. § 203(g)). The Tenth Circuit has adopted the economic reality test for determining an employment relationship. *Baker v. Flint Eng'g & Const. Co.*, 137 F.3d 1436, 1439 (10th Cir. 1998). "The economic reality test includes inquiries into whether the alleged employer has the power to hire and fire employees, supervises and controls employee work schedules or conditions of employment, determines the rate and method of payment, and maintains employment records." *Id.* (citing *Watson v. Graves*, 909 F.2d 1549, 1553 (5th Cir. 1990)).

Here, Defendant Lin Long admitted in her Amended Answer to the Complaint she is an employer for purposes of the FLSA. [#35 at ¶14.] And she does not challenge Plaintiffs' request for summary judgment on this issue. [*See* #41.] Therefore, Plaintiffs' motion is GRANTED as to Lin Long, and the Court finds as a matter of law Lin was an employer for purposes of the FLSA.

Plaintiffs also argue the evidence is undisputed Defendant Soi Long is an employer. The evidence Plaintiffs rely upon, however, is testimony regarding Soi's *current* duties and responsibilities. The evidence cited in the Statement of Undisputed Facts does not encompass the relevant time periods at issue in this case. To be sure, during her deposition, Soi asked Plaintiffs' counsel which time-period she was referring to, and counsel confirmed she was asking about Soi's present duties. [*See* #36-2 at pp.19-20.] Based on the evidence presented in their Motion, Plaintiffs

8

are not entitled to summary judgment on the issue of whether Soi Long was an employer during the relevant time periods. Consequently, Plaintiffs' Motion is DENIED in this respect.

### 2. Minimum Wage Laws

Plaintiffs also seek summary judgment on Defendants' alleged violation of minimum wage laws. They argue Defendants impermissibly took advantage of the "tip credit" because, as employers, they shared in the tip pool. In addition, they argue Lin and Soi (1) are not the kind of employees who "customarily and regularly receive tips;" (2) misreported Plaintiff Im's tips; and (3) did not give proper notice of the "tip credit." [#36 at pp.5-6.]

If employees ordinarily receive customer tips in the course of their employment, the employer may take a tip credit. 29 U.S.C. § 203(m). To be eligible for the tip credit, the employer must first notify the employees of the legal requirements regarding minimum wages, and the employer's intention to take the tip credit. *See Kilgore v. Outback Steakhouse of Florida, Inc.*, 160 F.3d 294, 298 (6th Cir. 1998); *Yu G. Ke v. Saigon Grill, Inc.*, 595 F.Supp.2d 240, 254 (S.D.N.Y. 2008). Where the employer requires employees to pool tips, it must be among those who customarily and regularly receive tips. 29 U.S.C. § 203(m)(2)(A). In addition, "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." *Id.* at §203(2)(B).

9

Lin Long acknowledges she was not permitted to take the tip credit when she shared in the tip pool. In addition, because she acknowledges she was an employer, under the clear language of the statute, she was not permitted to keep any tips, whether she took the credit or not. Therefore, the Court GRANTS Plaintiffs' motion in this regard as to Lin Long.

With respect to Soi Long, however, the motion is DENIED. Plaintiffs again rely on the facts describing Soi's current job for the proposition she was not the kind of employee who regularly receives tips. [#36 at p.5.] Consequently, for the same reason as discussed above, Plaintiffs' argument fails: these facts are unrelated to the relevant time periods.

In addition, the Court DENIES Plaintiffs' motion with respect to notice. There are disputed issues of material fact as to whether Defendants provided Im notice of the tip credit. While Im testified he did not know what a tip credit was [#36-3 at p.46], Soi testified she specifically told him how the credit would work [#36-2 at pp.143-44, 149]. And according to Soi, Plaintiff Im specifically requested that Defendants report $800 in tips for the purposes of his income taxes. [*Id.* at p.102.] Although Plaintiff Im testified Defendants did not have fair labor law and minimum wage posters hanging in the restaurant, Soi testified they were hanging [*Id.* at pp.142-43], and even Plaintiff Huot confirmed seeing the posters [#36-4 at pp.29, 30]. In any event, disputed issues of fact preclude summary judgment on the issue of notice.

Next, Defendants confess that until the audit by the DOL, they did not keep appropriate time records for employees. [#41 at p.11.] The evidence is undisputed

Defendants paid employees on a salary basis without regard to the hours worked. [#36-2 at pp.143-44.] But the Court will not decide any issues regarding hours worked, nor therefore, any back wages (including overtime) owed to the Plaintiffs. Indeed, the issue of whether Im waived his right to recovery precludes any findings as to amounts owed to him. And there are clearly disputed issues of fact as to the hours Plaintiffs Im and Huot worked. Any determination will turn on the credibility of all parties and their presentation of evidence supporting their respective positions, thus, making it inappropriate for summary judgment. The Court also concludes the issues of what presumptions should apply, if any, to Plaintiffs' evidence is better reserved for the jury instructions.

Finally, the Court DENIES Plaintiffs' request to determine as a matter of law any issues regarding willfulness or good faith. "Although a standard of willfulness applies to both liquidated damages and the statute of limitations under the FLSA, the definitions and burdens of proof differ for each." *Fowler v. Incor*, 279 F. App'x 590, 599 (10th Cir. 2008). Good faith is a subjective test requiring "the employer [to] have an honest intention to ascertain and follow the dictates of [the FLSA]." *Dep't of Labor v. City of Sapulpa*, 30 F.3d 1285, 1289 (10th Cir.1994) (quotation omitted). Willfulness means "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by [the FLSA]." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). Based on its review of the three depositions in their entirety, the Court concludes these questions are more appropriately addressed at trial. *See Bertrand v. Orkin Exterminating Co.*, 454 F. Supp. 78, 81 (N.D. Ill. 1978)

11

(employer's good faith under 29 U.S.C. § 260 is a question of fact for the court, even when the rest of the case has been tried to a jury).

3. Colorado Wage Act

Finally, the Court turns to Plaintiff Im's arguments regarding the Colorado Wage Act ("CWA"). Pertinent here, the CWA provides that upon an interruption in the employer-employee relationship, any earned but unpaid wages must be paid to the employee. Colo. Rev. Stat. § 8-4-109(1)(a). And "[i]f an employee's earned, vested, and determinable wages or compensation is not paid within fourteen days after [a] written demand . . . the employer shall be liable to the employee for the wages or compensation, and a penalty . . . ." Colo. Rev. Stat. § 8-4-109(3)(b). Plaintiff Im argues this Court should summarily award wages and penalties pursuant to the CWA because Defendants failed to tender payment to him within fourteen days of his written demand for unpaid wages. [#36 at p.19.]

Although not the model of clarity, and citing no supporting case law, Im seems to contend Defendants' failure to tender a payment within fourteen days of his written demand automatically establishes Defendants' liability for the penalty, and possibly the unpaid wages. [*Id.*] This interpretation of the statute is incorrect. The CWA is not a strict liability statute. The penalty provision is "separate from an employer's liability for unpaid wages and attorney's fees under the statute." *Echon v. Sackett*, No. 14-cv-03429-PAB-NYW, 2019 WL 8275344 (D. Colo. Feb. 12, 2019); *see also See Leonard v. McMorris*, 106 F. Supp. 2d 1098, 1111 (D. Colo. 2000) ("[T]he imposition of general liability under the Wage Act is one matter, but the imposition

12

of a penalty is another matter entirely."), *rev'd on other grounds by* 320 F.3d 1116 (10th Cir. 2003). An employer who fails to tender a payment of wages within the fourteen-day period is subject to a penalty, but their ultimate liability for those alleged unpaid wages remains a disputed matter until resolved through litigation or otherwise. Consequently, Plaintiff's request for penalties is DENIED.[3]

### 4. Affirmative Defenses

Plaintiffs' seek summary judgment on Defendants' affirmative defenses primarily focusing on the "affirmative defense" whether Defendants may credit room and board toward Plaintiffs' pay.[4] Soi Long testified she informed both Plaintiffs that room, board, and one shift-meal would be benefits of their employment. [#36-2 at p.64.] It is undisputed Im received and signed a copy of the "Employer-Employee Housing Agreement." [#36-19.] And Soi testified Plaintiff Huot was provided a copy, although he never signed or returned his. [#36-2 at pp.54-55.] This document states the individual may live in housing provided by Defendants for free so long as they work for the employer. Should the individual cease employment, but remain on the premises, he must then start paying a daily rate. [*Id.*] Based on this evidence, the

---

[3] Furthermore, and considering the disputed facts regarding Im's waiver, Defendants' liability for unpaid wages remains an open question.

[4] Defendants assert 16 "affirmative defenses." A true affirmative defense is defined as a "defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint are true. The defendant bears the burden of proving an affirmative defense." DEFENSE, Black's Law Dictionary (11th ed. 2019). The Court observes that many, perhaps a majority, of Defendants' "affirmative defenses" are mere defenses not of the affirmative variety.

13

Court will not strike this "affirmative defense." A reasonable jury could infer Defendants' provision of housing to Plaintiffs should be included in Plaintiffs' wages.

Defendants confess their third, eighth, and thirteenth affirmative defenses are not relevant to this case. Therefore, they are STRICKEN. In addition, the Court agrees with Plaintiffs that the statutes of limitations provided in Colo. Rev. Stat. §§ 13-80-102, -103 are not relevant to this case. These sections govern specifically enumerated civil actions, none of which are applicable here. Therefore, these are also STRICKEN. Any questions regarding the remaining affirmative defenses, including whether they are duplicative, will be addressed at the Final Pretrial Conference.

\*   \*   \*

For the foregoing reasons IT IS ORDERED:

1. Plaintiffs' Motion for Summary Judgment is GRANTED IN PART and DENIED IN PART.

2. Defendants' Motion for Summary Judgment is DENIED.

SO ORDERED.

DATED:   March 24, 2021

BY THE COURT:

S. Kato Crews
U.S. Magistrate Judge